IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | |
| SMITH & WESSON, M&P SHIELD, 9MM PISTOL, SERIAL NUMBER LFL6454, and | ) ) ) | |
| | ) | |
| NINE ROUNDS OF 9MM AMMUNITION, | ) ) | COMPLAINT IN FORFEITURE |
| | ) | |
| Defendants. | ) | |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Henry F. DeBaggis, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging on information and belief the following:

JURISDICTION AND INTRODUCTION

1.  This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. § 924(d)(1) and (9). This Court has *in rem* jurisdiction over the defendant properties pursuant to: (i) 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district;

and, (ii) 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district.

2. Venue is proper in this district pursuant to: (i) 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) 28 U.S.C. Section 1395 because the action accrued in this district.

3. Defendants Smith & Wesson M&P Shield 9mm Pistol, Serial Number LFL6454 and Nine Rounds of 9mm Ammunition (hereinafter "defendants firearm and ammunition") were seized on February 5, 2019. Defendants firearm and ammunition are now in the possession of the federal government.

4. Subsequent to the seizure, the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereinafter "ATF") commenced administrative forfeiture proceedings against the defendants firearm and ammunition. A claim to the defendants firearm and ammunition was submitted in the administrative forfeiture proceeding by Sandra Hemphill, necessitating the filing of this judicial forfeiture action.

5. The defendant firearm and ammunition are subject to forfeiture to the United States under 18 U.S.C. Section 924(d)(1) and (9) in that they were involved in or used in a knowing violation of 18 U.S.C. Section 922(g)(1) and (9). Section 922(g)(1) makes it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess, in or affecting commerce, a firearm or ammunition. Section 922(g)(9) makes it unlawful for any person who has been convicted in any court of a misdemeanor crime of domestic violence to possess, in or affecting commerce, a firearm or ammunition.

## FORFEITURE

6.	On or about September 13, 2018, (in Case No. CR-18-626543, in the Cuyahoga County Court of Common Pleas), Lavar Parks ("Parks"), after having previously pled guilty to Domestic Violence in violation of Ohio Revised Code, Section 2919.25, a fourth degree felony, was sentenced to 12 months of community control.

7.	On or about July 17, 2007, (in Case No. CR-06-477755, in the Cuyahoga County Court of Common Pleas), Parks, after having previously pled guilty to Drug Possession with a Firearm Specification in violation of Ohio Revised Code, Sections 2925.11 and 2941.141, a fourth degree felony, was sentenced to prison for 2 ½ years.

8.	On or about February 5, 2019, at approximately 3:10 p.m., Cleveland Police officers were patrolling the area of Denison Avenue and West 47th Street in Cleveland, Ohio, when they observed a red Audi A4 with an obstructed license plate.[1]

9.	The Audi's license plate was obstructed because the cover was dark tinted and had salt build-up inside the cover, so the police initiated a traffic stop of the automobile.

10.	A Cleveland Police officer approached the driver's side door of the vehicle, tapped the window and the driver of the Audi, Parks, opened the driver's door.

---

[1] Cleveland Codified Ordinance § 435.10 states: License Plates to Be Unobstructed. No person shall operate a motor vehicle, upon which license plates are required by law to be displayed, unless the license plates legally registered and issued for such vehicle shall be fastened in such a manner, and not covered, obscured or concealed by any part or accessory of such vehicle or by any foreign substance or material, to be readable in its entirety from left to right.

11. After Parks was informed that he was stopped because of the license plate obstruction, Parks provided his license and insurance card and stated the Audi belonged to his girlfriend Sondra Hemphill ("Hemphill").

12. The Cleveland Police officer asked Parks if he had anything illegal in the car the officer should know about and Parks threw his hands up as if he was indicating "no."

13. The police officer commented that it smelled like "weed" and asked Parks if he smoked and Parks replied, "I smoked before I got in."

14. The police officer then told Parks to step out of the automobile and he asked Parks if there was anything in the car he should know about, including weapons.

15. Parks stopped before answering, then responded, "yes" and the officer asked, "what do you have?" and Parks said, "a pistol."

16. After the police officer told Parks not to retrieve the firearm, Parks leaned over as if to retrieve it and the officer commanded Parks not to retrieve it.

17. After the police officer commanded Parks not to retrieve the firearm, Parks stopped, apologized and said, "damn, damn, damn!"

18. Parks stated he had the gun under the seat but had just put it on him and a pistol in a holster was found in his waist band.

19. Parks said it was Sondra's gun.

20. Parks admitted he had drugs, "weed and cocaine," on him and he admitted he was a convicted felon.

21. Law enforcement officers seized, among other items, defendants firearm and ammunition.

22.     Defendants firearm and ammunition were manufactured outside of the State of Ohio and therefore, had travelled in, and affected, interstate commerce.

## CONCLUSION

23.     By reason of the foregoing, defendants firearm and ammunition are subject to forfeiture to the United States under 18 U.S.C. Section 924(d)(1) and (9) in that they were involved in or used in a knowing violation of 18 U.S.C. Section 922(g)(1) and (9).

WHEREFORE, plaintiff, the United States of America, requests that the Court enter judgment condemning defendants firearm and ammunition and forfeiting them to the United States of America for disposition according to law and for such other relief as this Court may deem just and proper.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Henry F. DeBaggis

Henry F. DeBaggis (OH: 0007561)
Assistant United States Attorney
400 United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113
216.622.3749
Fax: 216.522.7499
Henry.DeBaggis@usdoj.gov

## VERIFICATION

STATE OF OHIO          )
                       ) SS.
COUNTY OF CUYAHOGA )

I, Henry F. DeBaggis, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.



DIANE SCHNEIDER
NOTARY PUBLIC
STATE OF OHIO
COMM. EXPIRES
3-9-2022
RECORDED IN
CUYAHOGA COUNTY

_____
Henry F. DeBaggis
Assistant United States Attorney
Northern District of Ohio

Sworn to and subscribed in my presence this 29 day of August, 2019.

_____
Notary Public